**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

May 13, 2020

Steven L. Caponi
Matthew B. Goeller
K&L GATES LLP
600 King Street, Suite 901
Wilmington, DE 19801

Kevin M. Gallagher
Angela Lam
Christian C.F. Roberts
Travis S. Hunter
Richard Rollo
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE: *Laura Perryman, et al v. Stimwave Technologies Incorporated*;
2020-0079-SG; Motion for Reargument

Dear Counsel:

In this matter, Petitioners Laura and Gary Perryman are directors of Respondent corporation, Stimwave Technologies, Incorporated ("Stimwave"). Petitioner Laura Perryman is its former CEO. The Petitioners seek advancement for legal fees expended in an action brought against them by the Respondent.[1] This Letter Opinion resolves Stimwave's Motion for Reargument of my bench decision

---

[1] The underlying action is *Stimwave Technologies Incorporated v. Laura Tyler Perryman, et al*, C.A. No. 2019-1003-SG. They also seek advancement for legal fees incurred responding to a civil investigation by the Department of Justice.

that it must advance fees pending a final determination of the Petitioners' entitlement to advancement.

Petitioners Laura and Gary Perryman filed their Complaint for Advancement, along with a Motion to Expedite and request for Temporary Restraining Order (TRO) on February 11, 2020. On February 20, I granted the Motion to Expedite, denied the TRO, and instructed the parties to proceed to a judgment on the pleadings. On April 1, 2020, from the bench, I denied the Petitioners' Motion for Judgment on the Pleadings, but I considered the motion as a request for interim relief and granted an injunction requiring Stimwave to pay advancement while the parties litigated the issue of the Perrymans' right to advancement. Stimwave filed this Motion for Reargument. I find that the Motion must be denied.

To succeed on a motion for reargument, the moving party must demonstrate that the Court overlooked a decision or principle of law that would have controlling effect, or show that the Court misapprehended the facts or the law such that the outcome of the decision would be different.[2] Here, I ordered Stimwave to provide advancement while the parties resolve the issue of the validity of the underlying indemnification agreements. Stimwave argues that this ruling is in conflict with the

---

[2] *See Doft & Co. v. Travelocity.com Inc.*, 2004 WL 1366994, at *1 (Del. Ch. June 10, 2004) (citing *VGS, Inc. v. Castiel*, 2003 WL 1794210, at *1 (Del. Ch. Mar. 27, 2003)).

2

fundamental precept that mandatory injunctive relief be ordered only after trial or on facts not legitimately in dispute.[3]

The facts of record are these. In April 2018, Stimwave's board of directors (the "Board") executed an Action by Unanimous Written Consent (the "Board Consent").[4] The Board Consent was dated April 20, 2018, but it was not signed by Stimwave's directors until April 23, 2018.[5] Among other things, the Board Consent approved a Form of Indemnification Agreement:

> The Board deems it advisable, and in the best interests of the Company and its stockholders, to approve the form of indemnification agreement, in substantially the form attached hereto as Exhibit G (the "Form of Indemnification Agreement") which may be entered into by the Company with each of the Company's current and future directors and senior officers.[6]

In the Board Consent, the Board further resolved that,

> subject to the approval of the stockholders, the Chief Executive Officer is, authorized, directed and empowered to execute and deliver an indemnification agreement, in substantially the Form of Indemnification Agreement . . . to such individuals indicated in the foregoing resolutions.[7]

---

[3] *C & J Energy Servs., Inc. v. City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr.*, 107 A.3d 1049, 1071–73 (Del. 2014).

[4] Resp't Stimwave Technologies Incorporated's Answer and Affirmative Defenses to Pet'rs' Verified Pet. for Advancement and Indemnification, Ex. A, Action by Unanimous Written Consent of the Board of Directors of Stimwave Technologies Incorporated, D.I. 9 ("Board Consent").

[5] *Id.* at 1 (cover page dating Board Consent April 20, 2018), 8 (signature page with director signatures dated April 23, 2018).

[6] *Id.* at 5.

[7] *Id.*

3

From the face of the document, "such individuals indicated in the foregoing resolutions" refers to "each of the Company's current and future directors and senior officers."[8] The stockholders approved the Form of Indemnification Agreement through an Action by Written Consent of the Stockholders (the "Stockholder Approval").[9] The approving stockholders signed the Stockholder Approval on dates ranging from April 21 to April 24, 2018.[10] Laura Perryman signed the Stockholder Approval on April 21, 2018, one day after the Board Consent was dated but two days before she signed the Board Consent as a director.[11]

The Stockholder Approval provides in the preamble to the "Approval of Form of Indemnification Agreement":

> the Board has approved a form of indemnification agreement to be entered into between the Company and each of the individuals designated for election to the Board, and which may be entered into, at the Board's discretion, with any other current or future directors who

---

[8] *Id.* Stimwave argues "such individuals indicated in the foregoing resolutions" refers to the designation of Jeffrey Goldberg as an independent director in a prior section of the Board Consent; my view is that the Petitioners' interpretation is the more reasonable, but this matter will await resolution of the validity of the Perrymans' indemnification agreements.

[9] Resp't Stimwave Technologies Incorporated's Answer and Affirmative Defenses to Pet'rs' Verified Pet. for Advancement and Indemnification, D.I. 9, Ex. B, Action by Written Consent of the Stockholders of Stimwave Technologies Incorporated ("Stockholder Approval"), at 3–4 ("That the form, terms and provisions of the Form of Indemnification Agreement, in substantially the form attached hereto as Exhibit B, be, and hereby are approved, adopted, authorized and confirmed . . .").

[10] *Id.* at 5–69 (signature pages following Stockholder Approval dated from April 21 to April 24, 2018).

[11] *See id.* at 5; Board Consent, at 1, 8.

are nominated to the Board, and, at the Board's discretion, with any senior officers of the Company. . .[12]

The Stockholder Approval then resolves "[t]hat the form, terms and provisions of the Form of Indemnification Agreement . . . are approved, adopted, authorized and confirmed. . ."[13] The Stockholder Approval further resolves:

> [t]hat the appropriate officers of the Company are hereby authorized and empowered to execute and deliver an indemnification agreement, in substantially the Form of Indemnification Agreement, to each individual designated for election to the Board, and with any other current or future directors, and with any senior officers of the Company . . . and delivery of such documents by such officer [is] conclusive evidence of the officer's authorization hereunder and the approval by the Board thereof.[14]

---

[12] Stockholder Approval, at 3. Stimwave argues that the inclusion of the language "at the Board's discretion" in the preamble negates the authorization found in the Board Consent for Laura Perryman to enter into indemnification agreements on behalf of the Company. Resp't's Answering Br. in Opp'n to Pet'rs' Mot. for J. on the Pleadings, D.I. 17 ("Respondent's Answering Br."), at 8–9. This does not negate the fact that the stockholders approved the form of indemnification agreement. Again, these differences of interpretation await resolution of the validity of the Perrymans' Indemnification Agreements.

[13] Stockholder Approval, at 3.

[14] *Id.*

The Form of Indemnification Agreement grants broad and unambiguous advancement rights.[15] In addition, all relevant actions are brought against Laura and Gary Perryman as a result of their status as officers or directors of Stimwave.[16]

The Petitioners have submitted what on their face appear to be the relevant indemnification agreements (the "Indemnification Agreements") that they were empowered to enter, as described above. Laura Perryman has executed an undertaking to repay, which would require her to repay the Respondent if her agreement is void, among other reasons.[17] It is unclear from the record whether Gary Perryman has also submitted the required undertaking; this decision presumes he has done so, but his rights to advancement will not have ripened unless or until he has done so. The sole remaining issues are whether there are defects in the Indemnification Agreements, rendering them void or unenforceable. The form of agreement approved by the directors and stockholders of Stimwave, as illustrated in

---

[15] *See* Pet'rs' Opening Br. in Support of Mot. for J. on the Pleadings, D.I. 14 ("Petitioners' Opening Br.), Ex. 3, § 5 (Laura Perryman's Indemnification Agreement, based on the Form Indemnification Agreement, providing broad advancement rights). The Petitioners did not provide a copy of the Form Indemnification Agreement, but represented that "[a]n indemnification agreement in the form approved by the Board of Directors in the Board Consent and approved by the Stimwave stockholders in the Stockholder Consent was executed by Stimwave and Ms. Perryman." Petitioners' Opening Br., at 5.

[16] *See* Petitioner's Opening Br., at 7–10.

[17] Petitioners' Opening Br., Ex. 6 (Laura Perryman's written request for advancement and undertaking to repay dated December 18, 2019).

the Perrymans' Indemnification Agreements, provides for advancement of funds

pending a determination of indemnification rights, where challenged:

> Notwithstanding any other provision of this Agreement, the Company shall advance all Expenses incurred by or on behalf of Indemnitee in connection with any Proceeding by reason of Indemnitee's Corporate Status within thirty (30) days after the receipt by the Company of a statement or statements from Indemnitee requesting such advance or advances from time to time, whether prior to or after final disposition of such Proceeding. Such statement . . . shall include or be preceded or accompanied by a written undertaking by or on behalf of Indemnitee to repay any Expenses advanced if it shall ultimately be determined that Indemnitee is not entitled to be indemnified against such Expenses. . . . For the avoidance of doubt, the Company shall advance Indemnitee all Expenses incurred by Indemnitee while the Company and Indemnitee are going through the process of determining Indemnitee's entitlement to Indemnification (that is, the Company shall advance Expenses unless and until there is a final determination that Indemnitee is not entitled to indemnification).[18]

In light of the facts of record I ordered interim advancement pending

resolution of this action. My reasoning in ordering preliminary injunctive relief is

bolstered by the summary nature of, and the public policy undergirding,

advancement actions. This Court has long recognized that a delay in recognizing

advancement rights may ultimately render those rights illusory. Such a delay would

---

[18] Petitioners' Opening Br., Ex. 3, § 5 (Laura Perryman's indemnification agreement); Petitioners' Opening Br., Ex. 4, § 5 (Gary Perryman's indemnification agreement); *see also* § 7(e) of the indemnification agreements ("The Company shall indemnify Indemnitee against any and all Expenses and, if requested by Indemnitee, shall (within ten (10) days after receipt by the Company of a written request therefore) advance, to the extent not prohibited by law, such expenses to Indemnitee, which are incurred by Indemnitee in connection with any action brought by Indemnitee for indemnification or advance of Expenses from the Company under this Agreement. . .").

undermine the summary nature of the proceeding. Here, litigating a defense attacking the validity of a contract for advancement before providing advancement might leave the Petitioners unable to effectively vindicate their contractual advancement rights, assuming they exist, as well as to defend the underlying substantive action and investigation, threatening imminent irreparable harm. Completing the injunctive relief analysis requires a balance of the equities. In that regard, I note that the Petitioners' undertakings to repay give the Respondent a legal right to recovery, if the Indemnification Agreements prove unenforceable. The equities thus favor the Petitioners with respect to advanceable fees, going forward. With respect to fees incurred before the date of this Letter Opinion, given the unusual procedural posture of this matter, the nature of the Respondent's defense that the Indemnification Agreements are void, and the fact that the forgoing defense will be addressed promptly, the interim relief ordered will not include previously-incurred fees otherwise subject to advancement, without prejudice to the Petitioners' right to seek advancement of those amounts once the validity of the Indemnification Agreements is resolved.

Accordingly, I do not find an error of fact or law in my bench ruling providing for advancement pursuant to an undertaking to repay during the pendency of this summary action. The Motion for Reargument is denied.

The parties should promptly provide a form of order consistent with my bench decision as clarified by this Letter Opinion.  To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III